LEILA HOLIDAY WEINER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Weiner v. Commissioner
Docket No. 13286-78.
United States Tax Court
T.C. Memo 1980-317; 1980 Tax Ct. Memo LEXIS 267; 40 T.C.M. (CCH) 977; T.C.M. (RIA) 80317; August 14, 1980, Filed *267 Held, petitioner is not entitled to a deduction for the use of a room in her residence as an office because such room was not exclusively used for the purpose of carrying on a trade or business. Sec. 280A, I.R.C. 1954. Leila Holiday Weiner, pro se. Geraldine Eure, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined a deficiency of $187.88 in petitioner's 1976 Federal income tax. After concessions, the sole issue for decision is whether petitioner is entitled to a deduction for the use of a room in her residence as an office. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Leila *268 Holiday Weiner (hereinafter petitioner) resided in New York, New York, when she filed her 1976 Federal income tax return with the Brookhaven Service Center, Holtsville, New York, and when she filed her petition in this case. Petitioner was employed for approximately eighteen weeks during 1976 as an actress, demonstrator, hostess, and model. Throughout 1976, she actively pursued employment in the above fields. Petitioner conducted her search for employment from a room in her apartment that she used as an office. This room was also used for personal purposes unrelated to petitioner's pursuit of employment. On her 1976 return, petitioner claimed a home office expense deduction of $834. In the notice of deficiency, respondent disallowed the deduction. OPINION We must determine whether petitioner is entitled to a deduction for the taxable year 1976 under section 280A[1] for the use of a room in her residence as an office. Section 280A[2] denies a taxpayer a deduction for the business use of his residence unless such use is within one *269 of the exceptions set forth therein. Section 280A provides, in part, as follows: (a) General Rule.--Except as otherwise provided in this section, in the case of a taxpayer who is an individual or an electing small business corporation, no deduction otherwise allowable under this chapter shall be allowed with respect to the use of a dwelling unit which is used by the taxpayer during the taxable year as a residence. * * *
(c) Exceptions for Certain Business or Rental Use; Limitation on Deductions for Such Use. (1) Certain business use.--Subsection (a) shall not apply to any item to the extent such item is allocable to a portion of the dwelling unit which is exclusively used on a regular basis-- (A) as the *270 taxpayer's principal place of business, (B) as a place of business which is used by patients, clients, or customers in meeting or dealing with the taxpayer in the normal course of his trade or business, or (c) in the case of a separate structure which is not attached to the dwelling unit, in connection with the taxpayer's trade or business.
In the case of an employee, the preceding sentence shall apply only if the exclusive use referred to in the preceding sentence is for the convenience of his employer. In order to be entitled to the claimed home office expense deduction, petitioner must satisfy the requirements of section 280A(c)(1). Section 280A(c)(1) requires that the portion of the residence for which the deduction is claimed must be "exclusively used" for trade or business purposes. The legislative history of section 280A states, in part, as follows: Exclusive use of a portion of a taxpayer's dwelling unit means that the taxpayer must use a specific part of a dwelling unit solely for the purpose of carrying on his trade or business. The use of a portion of a dwelling unit for both personal purposes and for the carrying on of a trade or business does not meet *271 the exclusive use test. Thus, for example, a taxpayer who uses a den in his dwelling unit to write legal briefs, prepare tax returns, or engage in similar activities as well for personal purposes, will be denied a deduction for the expenses paid or incurred in connection with the use of the residence which are allocable to these activities.[Emphasis added.] S. Rept. No. 94-938 (1976), 1976-3 C.B. (Vol. 3) 49, 186; H. Rept. No. 94-658 (1975), 1976-3 (Vol. 2) 695, 853. Although petitioner initially testified that a room in her residence was exclusively used for business purposes, she later admitted that the room was also used for personal purposes. Accordingly, since the room was not exclusively used for the purpose of carrying on a trade or business, we must hold for respondent. See Baie v. Commissioner, 74 T.C. (April 23, 1980) n. 7. To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended and in effect for the taxable year involved herein.↩
2. The Tax Reform Act of 1976, Pub. L. 94-455, 90 Stat. 1525, 1976-3 C.B. (Vol. 1) 1, added section 280A to the Internal Revenue Code to provide definitive rules governing the deduction of expenses attributable to the business use of a personal residence. S. Rept. No. 94-1236 (1976), 1976-3 C.B. (Vol. 3) 807, 839. Section 280A applies to taxable years beginning after December 31, 1975. Sec. 601(a), Tax Reform Act of 1976, supra.↩